John L. SOLDANO, et al., Plainitffs-Appellees,

v.

OWENS–CORNING FIBERGLASS CORPORATION, et al., Defendants-Appellants.

Supreme Court of Tennessee, at Knoxville.

Sept. 9, 1985.

Robert L. Crossley, Knoxville, for plaintiffs-appellees.

Douglas L. Dutton, Knoxville, for Owens-Corning Fiberglass Corp.

W.W. Davis, Jr., Knoxville, for Southern Cast Stone Co.

Donald K. Vowell, Knoxville, for Acme Plastering Co.

## OPINION

BROCK, Justice.

In this action ten individual plaintiffs who own interests in a condominium office building seek to recover damages against five defendants, the architect, the general contractor, a subcontractor, who constructed the building, the manufacturer and the vendor of a building product, called "Bloc Bond," which was used to cover the exterior of the building. The whole dispute revolves around the use of Bloc Bond for the exterior surface of the building located in Oak Ridge, Tennessee. It is alleged that the Bloc Bond became loose, that it delaminated and was falling off. Plaintiffs allege that the delamination was the result of faulty design, defects in the product and its improper application to this building. Plaintiffs allege that the defendants breached their respective contracts and certain express and implied warranties in the design and construction of the building and that the defendants were guilty of negligence respecting the construction of the building.

The construction of this building began in April, 1976, and was completed in early 1977. The delamination of the exterior surface began before the end of 1976; however, this action was not begun until the complaint was filed on April 19, 1982. In an attempt to avoid the effect of various statutes of limitation, the plaintiffs alleged that the defendants fraudulently concealed from the plaintiffs their cause of action. Nevertheless, defendants filed answers asserting that the plaintiffs' cause of action was barred by the statutes of limitations contained in T.C.A., Section 47-2-725, Section 28-3-105, and Section 28-3-201, 202 and 203. The defendants filed motions for summary judgment based upon these statutes of limitation and affidavits were filed in support of and in opposition to the motions for summary judgment.

The Chancellor granted the motions for summary judgment based upon the statute of limitations, finding that an affidavit filed by Edward E. Selvidge, one of the defendants who was a part owner of the general contractor company, was "uncontroverted" and established that the plaintiffs or their predecessors in interest on August 23, 1976, were given information "sufficient to put any reasonable person on notice that there were problems and that the owner was at that time sufficiently advised so as to remove from consideration the issue of fraud and concealment." Accordingly, the Chancellor sustained the motions for summary judgment of the various defendants

and dismissed the action as barred by the statute of limitations.

The Court of Appeals held that the Chancellor had erred in granting summary judgment, concluding that the opposing affidavits created a genuine issue of fact concerning whether or not the defendants had fraudulently concealed the plaintiffs' cause of action until the statute of limitations had run. All defendants sought review in this Court; we granted the applications of Owens-Corning Fiberglass Corporation, Southern Cast Stone Company and Acme Plastering, Inc., but denied the applications of Selvidge & Merryman Construction, Inc. and Adams, Craft, Herz & Walker.

At the bar of this Court the plaintiffs have conceded that the defendant, Southern Cast Stone, Inc., should be completely dismissed from the action and it will be so ordered. Moreover, the plaintiffs also concede that the statute of limitations contained in T.C.A., Section 47-2-725, bars all claims that the defendants violated express or implied warranties under the Uniform Commercial Code.

The only issues left for our consideration are those presented by Owens-Corning Fiberglass Corporation and Acme Plastering, Inc. respecting their insistence that the plaintiffs' cause of action for negligence against them is also barred by the statute of limitations set out in T.C.A., Section 28-3-105. Plaintiffs seek to avoid the bar of the statute of limitations on the ground that the defendants fraudulently concealed plaintiffs' cause of action until the statutes of limitations had run. The question is whether or not on this motion for summary judgment the plaintiffs have set forth by affidavits sufficient facts to create an issue of fraudulent concealment.

The law in this state respecting the fraudulent concealment of a cause of action is summarized in Vol. 18 *Tennessee Jurisprudence*, at page 92, as follows:

"Mere ignorance and failure of the plaintiff to discover the existence of a cause of action is not sufficient to toll the running of the statute of limitations. There is an exception to this rule. Fraudulent concealment of the cause of action by the defendant tolls the statute of limitations. It begins to run as of the time of the discovery of the fraud by the plaintiff. To come within this exception, the plaintiff must prove that the defendant took affirmative action to conceal his cause of action and that he, the plaintiff, could not have discovered his cause of action despite exercising reasonable diligence . . . .
"To invoke the doctrine that fraudulent concealment of a cause of action tolls the statute of limitations, it is the existence of facts giving rise to a cause of action independent of the concealment, which must have been withheld.
"In order for the statute of limitations to be tolled by fraudulent concealment, there must be an allegation that the cause of action was known to the defendant and fraudulently concealed by him; the running of the statute is not prevented by the mere ignorance of the plaintiff and his failure to discover the existence of the cause of action within the statutory limitation does not prevent its running, and if the plaintiff either knew or neglected or failed to discover the cause of action, the statute would not be tolled . . . .
"In the absence of a fiduciary relationship, concealment, in order to toll the statute of limitations, must be evidenced by some overt act, but where a fiduciary relationship exists and there is a duty to speak, mere silence may constitute a fraudulent concealment."

A summary judgment under Rule 56, Tennessee Rules of Civil Procedure, is to be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." And, in determining that question the parties and this Court are governed by Rule 56.05, Tennessee Rules of Civil Procedure, which, in pertinent part, provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matter stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

 We have examined the affidavits filed by the plaintiffs in opposition to the motion for summary judgment and the affidavit of the defendants filed in support thereof and we have concluded, for the reasons stated by the Court of Appeals, that a genuine issue of fact respecting fraudulent concealment of the plaintiffs' cause of action has been made out with respect to defendant, Acme Plastering, Inc., so that it is inappropriate in this case to grant that defendant's motion for summary judgment. Accordingly, we concur in the judgment of the Court of Appeals to this limited extent. Thus, it is asserted in plaintiffs' affidavits that an agent of Acme Plastering stated that the repairs done by Acme to this building over the years was not due to any warranty but was done only "to keep peace with the doctors," meaning the plaintiff owners. This is some evidence of fraudulent concealment. The statement in one of the affidavits that an unidentified "gentleman from O–C" on one occasion had stated that there was nothing wrong with the manner in which Bloc Bond had been applied does not meet the requirements of T.C.A., Rule 56.05, above quoted, to create an issue of fact; neither does the affidavit of plaintiffs' counsel.

We find no such genuine issue of fact insofar as defendant, Owens-Corning Fiberglass, is concerned; the motion for summary judgment by that defendant should have been granted.

In summary, the complaint against Southern Cast Stone Company and Owens-Corning Fiberglass is dismissed; the defense of the statute of limitations interposed by defendant Acme Plastering, Inc. is sustained against all claims of the plaintiffs except the claim for alleged negligence; this action in all other respects is remanded to the trial court for such further proceedings as may be deemed appropriate and consistent with this opinion. Southern Cast Stone Company and Owens-Corning Fiberglass shall recover their costs but all other costs incurred on appeal are assessed equally against the plaintiffs and the other defendants.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.