# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
February 6, 2001 Session

## ANDREW FAHRNER v. SW MANUFACTURING, INC.

### Appeal by permission from the Court of Appeals, Middle Section
### Circuit Court for Dekalb County
### No. 7620    John A. Turnbull, Judge

---

### No. M1999-00021-SC-R11-CV - Filed May 16, 2001

---

The plaintiff filed suit against the defendant for retaliatory discharge and employment discrimination. The defendant moved to dismiss the plaintiff's claim on the ground that the one-year statute of limitations had expired. The trial court denied the defendant's motion, holding that there were genuine issues of material fact as to whether the "discovery rule" applied. The Court of Appeals reversed, holding that the discovery rule does not apply – and should not be extended – to employment-type cases like the plaintiff's. We affirm, though under a different rationale, the Court of Appeals' holding that the trial court erred in concluding that the discovery rule prevents dismissal. However, we reverse and remand to the trial court to consider whether the statute of limitations is tolled by the doctrine of equitable estoppel.

### Tenn. R. App. P. 11 Application for Permission to Appeal; Judgment of the
### Court of Appeals Affirmed in Part; Reversed in Part; and Case Remanded to the
### Circuit Court for Dekalb County

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which , E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ. joined. JANICE M. HOLDER, J. filed a concurring and dissenting opinion.

Sue N. Puckett-Jernigan and Tecia Puckett Pryor, Smithville, Tennessee, and Jon E. Jones, Cookeville, Tennessee, for the appellant, Andrew Fahrner.

David B. Kesler and Stacie L. Caraway, Chattanooga, Tennessee, for the appellee, SW Manufacturing, Inc.

**OPINION**

Andrew Fahrner ("Fahrner"), the appellant, began working for SW Manufacturing, Inc., the appellee, in February of 1995 at its Smithville plant. In the fall of 1997, while on the job, Fahrner sustained an injury to his right shoulder for which he required medical treatment. SW Manufacturing paid for these medical expenses, which were covered under the Workers' Compensation Law.

On November 21, 1997, SW Manufacturing notified Fahrner in writing that he was being terminated. This separation notice stated that his termination was the result of a "reduction in work force due to decrease in sales." Unlike some other employees who were fired at the same time, Fahrner did not receive severance pay. As a result, Fahrner went to see an attorney in January of 1998. The attorney researched the matter and concluded that Fahrner did not have a valid legal claim.

But Fahrner's lawyer continued to investigate. According to the complaint, on March 3, 1998, he interviewed a witness who stated that SW Manufacturing had deliberately terminated employees because they had filed workers' compensation claims. This witness further stated that the company had fired a few non-injured employees to disguise its illegal conduct. Based on this information, Fahrner filed a lawsuit against SW Manufacturing for retaliatory discharge. See Anderson v. Standard Register Co., 857 S.W.2d 555 (Tenn. 1993) (discussing the "retaliatory discharge" cause of action). He also alleged that his discharge was in violation of the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 8-50-103. Fahrner's THRA claim is closely related to his retaliatory discharge claim in that both are based on SW Manufacturing's allegedly unlawful response to his work-related injury.

SW Manufacturing moved to dismiss the lawsuit on the ground that the applicable one-year statute of limitations had expired. See Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996) (discussing Tenn. Code. Ann. § 28-3-104, the statute of limitations for retaliatory discharge); id. at 389-90 (discussing Tenn. Code Ann. § 4-21-311, the statute of limitations for employment discrimination under the THRA). The complaint was filed on December 1, 1998 because Fahrner told his lawyer that Fahrner had been fired on December 18, 1997. In fact, Fahrner received his separation notice on November 21, 1997. Therefore, Fahrner missed the one-year deadline by ten days.

The trial court, however, denied the motion to dismiss, stating: "[E]ven though Plaintiff's complaint was filed more than one (1) year after he received notice of the termination of his employment by the Defendant, there was a genuine issue of material fact as to when Plaintiff discovered, or in the exercise of reasonable care and diligence should have discovered, his injury." The trial court's decision was therefore based on its application of the "discovery rule." This rule provides that a cause of action accrues and the statute of limitations begins to run "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." Kohl & Co. v. Dearborn & Ewing, 977 S.W.2d 528, 532 (Tenn. 1998).

SW Manufacturing sought and obtained an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals reversed the decision of the trial court, stating that "[t]he pivotal point in this case is whether or not the discovery rule should be extended to retaliatory discharge and discrimination cases. We find no support for Fahrner's argument that the discovery rule should be so extended." Fahrner then appealed to this Court.

We agree with the Court of Appeals that the trial court erred in basing its decision on the discovery rule. However, neither the trial court nor the Court of Appeals considered whether the related doctrine of equitable estoppel saves this action from the bar of the statute of limitations.[1] Because equitable estoppel may save a plaintiff's case even when the discovery rule is inapplicable, we remand the case to the trial court for further consideration.

## ANALYSIS

The issue before us, presented by SW Manufacturing's motion to dismiss, involves the interpretation and application of a statute of limitations. Appellate review of this question of law is de novo, without a presumption of correctness of the Court of Appeals' judgment. See Nelson v. Wal-Mart Stores, Inc., 8 S.W.3d 625, 628 (Tenn. 1999); Owens v. Truckstops of America, 915 S.W.2d 420, 424 (Tenn. 1996).

We must first decide whether the Court of Appeals erred in holding that Fahrner may not avail himself of the discovery rule. SW Manufacturing argues that Fahrner's claims accrued on November 21, 1997, when he was given written notice he was being terminated, while Fahrner argues that his claims accrued in March of that year, when his attorney first discovered the unlawful ground for his termination.

We have already decided this issue. In Weber, 938 S.W.2d at 391-93, we held that employment discrimination and retaliatory discharge causes of action accrue and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision. Accordingly, we conclude that Fahrner's cause of action accrued and the statute of limitations began to run on November 21, 1997, when he was given his separation notice.

---

[1] SW Manufacturing argues that Fahrner has waived any claim for equitable estoppel. Although Fahrner first used the phrase "equitable estoppel" before this Court, a key part of his argument before both courts below was that the statute of limitations should be tolled because of SW Manufacturing's deceptive conduct. Under this circumstance, the failure to use the right label does not result in a waiver. The concurring and dissenting opinion argues to the contrary, maintaining that our decision today is inconsistent with the waiver approach followed in Alexander v. Armentrout, 24 S.W.3d 267 (Tenn. 2000). In that case, however, among other differences, the party seeking relief failed to discuss the factual basis on which the theory of equitable estoppel could be applied. Armentrout, 24 S.W.3d at 272 ("[T]he Armentrouts did not raise the defense of equitable estoppel, despite the requirements in Tenn.R.Civ.P. 8.03 that a defendant '*set forth affirmatively facts in short and plain terms* relied upon to constitute . . . estoppel . . . .'") (emphasis added). In contrast, Fahrner discussed *all* the relevant facts before the trial court and the intermediate court. His only error was the failure to use the right label, which should not be dispositive.

-3-

The Court of Appeals followed the holding of Weber, but couched its decision in terms of rejecting Fahrner's bid to extend the discovery rule to his case. Weber, however, makes clear that the discovery rule applies to retaliatory discharge cases. In its discussion of retaliatory discharge the Court clearly stated and then applied the discovery rule. Id. at 393 (citing Wyatt v. A-Best Co., 910 S.W.2d 851, 854-55 (Tenn. 1995)). The rationale of Weber is simply that an employee "discovers" that an injury has been sustained for purposes of the statute of limitations when the employer provides unequivocal notice of the adverse employment action – in this case, termination. At this point, of course, the employee may not know the true reason for the employer's adverse employment decision, or other facts that would tend to show the employer has behaved unlawfully. "We have stressed, however, that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard." Kohl & Co., 977 S.W.2d at 532-33 (citing Shadrick v. Coker, 963 S.W.2d 726, 733 (Tenn. 1998)). Rather, the employee, through his lawyer, must investigate the circumstances surrounding the employer's decision, and he has the time given to him by the legislature to complete this investigation and then file a complaint – in this case, one year. As another court has put it, "when an employee knows that he has been hurt and also knows that his employer has inflicted the injury, it is fair to begin the countdown toward repose." Morris v. Gov. Dev. Bank of Puerto Rico, 27 F.3d 746, 750 (1st Cir. 1994).

While we therefore agree with the Court of Appeals that Fahrner's claim cannot succeed by virtue of the discovery rule, this conclusion does not resolve this case. Fahrner has also alleged that SW Manufacturing prevented him from discovering the facts necessary to file his complaint.

These allegations, if proven true, establish the doctrine of "equitable estoppel," which tolls the running of the statute of limitations where the defendant has "misled the plaintiff into failing to file [his] action within the statutory period of limitations." Norton v. Everhart, 895 S.W.2d 317, 321 (Tenn. 1995); see also Lusk v. Consol. Aluminum Corp., 655 S.W.2d 917, 920 (Tenn. 1983). A clear example, and the one most prominent in the case law, is a defendant's promise not to plead the statute of limitations, which he breaks once the plaintiff has waited for the statute to expire before filing his complaint. See American Mutual Liab. Ins. Co. v. Baxter, 210 Tenn. 242, 247-48, 357 S.W.2d 825, 827 (1962); Bernard v. Houston Ezell Corp., 968 S.W.2d 855, 862 (Tenn. Ct. App. 1997); Sparks v. Metro. Gov. of Nashville, 771 S.W.2d 430, 433 (Tenn. Ct. App. 1989).[2] Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically designed to prevent the plaintiff from suing in time.

---

[2] Equitable estoppel is different from the much broader doctrine of "equitable tolling," which allows a court to suspend the running of the statute of limitations when the plaintiff, despite reasonable efforts, cannot obtain enough information to file his complaint on time, even if the defendant is not at fault. We have declined to recognize this equitable remedy, reasoning that equitable estoppel, with its requirement of defendant misconduct, "more appropriately strikes the balance between the need for predictable procedural rules on the one hand and the need to relieve innocent parties of the consequences of the expiration of the limitations period on the other." Norton, 895 S.W.2d at 321.

In the interest of clarity, it is worth emphasizing the crucial difference between the discovery rule and equitable estoppel. They are similar in certain respects and therefore potentially confusing, as is evident from the judgments below. Both doctrines may be invoked where the defendant allegedly misled the plaintiff. In a discovery rule case, the plaintiff may claim that the defendant intentionally prevented him from discovering his injury. Where that claim is proved true, the doctrine of "fraudulent concealment" applies.

While fraudulent concealment usually denotes a common law tort, see Chrisman v. Hill Home Dev., Inc., 978 S.W.2d 535, 538-39 (Tenn. 1998); Simmons v. Evans, 185 Tenn. 282, 285, 206 S.W.2d 295, 296 (1947), it also has relevance in the statute of limitations context. By definition, a fraud entails some misrepresentation or deception that makes its victim believe he has been treated fairly, when in fact he has been deceived. If successful, therefore, a defendant's fraudulent act, depending on the particular facts of the case, may prevent a plaintiff from knowing he has been injured until well after the statute of limitations period has expired. To prevent this from occurring, Tennessee law has long recognized that the statute of limitations does not begin to run until the plaintiff, exercising reasonable diligence, discovers the fraud which the defendant wrongfully concealed. See, e.g., Vance v. Schulder, 547 S.W.2d 927, 930 (Tenn. 1977) (collecting cases).

Fraudulent concealment often arises in fraud cases, perhaps because the defendant having deceived the plaintiff once thinks nothing of deceiving him further, but it is not so confined. We have also applied the doctrine in a negligent building construction case, see Soldano v. Owens-Corning Fiberglass Corp., 696 S.W.2d 887 (Tenn. 1985), and, more recently, in medical malpractice cases, see Shadrick, 963 S.W.2d at 735-37 (discussing Tenn. Code Ann. § 29-26-116, a statute of repose containing a fraudulent concealment exception); Benton v. Snyder, 825 S.W.2d 409, 413-14 (Tenn. 1992) (same). The underlying cause of action is not the critical issue; what matters is that the defendant has taken steps to prevent the plaintiff from discovering he was injured.

Equitable estoppel cases are different from fraudulent concealment and other discovery rule cases. Whereas discovery rule cases *may* involve allegations that the defendant has misled the plaintiff, equitable estoppel – as in Fahrner's case – *always* does. The key difference, though, is that in equitable estoppel cases the plaintiff has already discovered his injury – or should have discovered it – and, consequently, the limitations period has begun and ultimately expired. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). As in Fahrner's case, the defendant's alleged misconduct did not prevent the plaintiff from learning he was injured; it allegedly prevented him from filing suit in time. The doctrines may have the same effect, in that a plaintiff who successfully invokes either one may proceed with his lawsuit, but they are theoretically distinct: a plaintiff invoking the discovery rule asks the court to properly apply the statute of limitations; a plaintiff invoking equitable estoppel, in effect, asks the court to waive it. In this regard, the discovery rule and the fraudulent concealment doctrine have a much broader scope. The discovery rule prevents the running of the limitations period whenever, and for whatever reason, the plaintiff could not have reasonably known he was injured. Equitable estoppel only applies when the defendant has taken steps to specifically prevent the plaintiff from timely filing his complaint (as where he promises not to plead the statute of limitations).

Having held that the discovery rule and equitable estoppel are different, we must now decide how long the statute of limitations is tolled when a plaintiff successfully invokes the latter. The answer is clear: the tolling period equals the amount of time the defendant misled the plaintiff. See Lusk, 655 S.W.2d at 920-921. Equitable estoppel is premised on the defendant's wrongdoing, and, consequently, the plaintiff must be given the time during which the defendant misled the plaintiff so that plaintiff's entitlement to the full statutory time period is preserved. This is similar to the result in discovery rule cases, where the defendant's fraudulent concealment prevents the plaintiff from discovering his cause of action. See Vance, 547 S.W.2d at 930 ("[The statute] begins to run as of the time of the discovery of the fraud by the plaintiff."). Any other result would reward the defendant for his deception. As discussed above, Fahrner claims that he missed the time deadline because SW Manufacturing misled him until May 1998. If true – as will be determined on remand – Fahrner would be entitled to a full year from that time, assuming he is entitled to equitable estoppel relief. Since Fahrner filed suit in December 1998, he will have met the deadline.

Finally, we must respond to Fahrner's argument that equitable estoppel applies because SW Manufacturing's separation notice was misleading in that it stated that his termination was the result of a "reduction in work force due to decrease in sales," whereas Fahrner asserts that it was the result of retaliation and employment discrimination. SW Manufacturing, of course, maintains that its separation notice truthfully stated its reason for firing Fahrner.

The problem with Fahrner's argument is that it simply restates the central issue of his underlying claims. Fahrner cannot argue that the statute of limitations should be tolled because his version of events is correct and SW Manufacturing's version is a lie. Were we to accept this argument, we would, in effect, be holding that he should win on the merits of his retaliatory discharge and discrimination claims. As one court put it, in the age discrimination context, "This [argument] merges the substantive wrong with the tolling doctrine . . . . It implies that a defendant is guilty of [concealment or other misconduct justifying equitable estoppel] unless it tells the plaintiff, 'We're firing you because of your age.' It would eliminate the statute of limitations in age discrimination cases." Cada, 920 F.2d at 451.

Not surprisingly, many courts have rejected Fahrner's argument. See, e.g., Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000) ("[Equitable estoppel] necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."); American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 124 (1st Cir. 1998) ("[The employees] have simply parroted the same events that gave rise to their underlying claim."); Hill v. United States Dep't of Labor, 65 F.3d 1331, 1335-38 (6th Cir. 1995); Thelen, 64 F.3d at 267-68; Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995) ("Whether or not an employer tells its employee the true reason for the adverse employment decision is not the standard.") (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990)); Olson v. Mobil Oil Corp., 904 F.2d 198, 203 (4th Cir. 1990) ("If equitable tolling applied every time an employer advanced a non-discriminatory reason for its employment decisions, it would be 'tantamount to asserting that an employer is equitably estopped whenever it does not disclose a violation of the statute.'") (quoting Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir.

1988)).  But see Bennett v. Coors Brewing Co., 189 F.3d 1221, 1235-36 (10th Cir. 1999); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391-92 (3rd Cir. 1994).  As a matter of logic and public policy, see Weber, 938 S.W.2d at 393 (discussing the important purposes statutes of limitations serve), we also reject it.  In the retaliatory discharge context, acceptance of this argument would essentially eliminate the statute of limitations unless an employer tells an employee, "you are bing fired because you filed a workers' compensation claim."  Accordingly, Fahrner's assertion that the separation notice is misleading because it failed to cite an illegal basis for his termination is not sufficient to invoke the doctrine of equitable estoppel.

To summarize, we hold that the discovery rule and equitable estoppel have independent significance, meaning that Fahrner is entitled to have the trial court consider his equitable estoppel claim, despite the fact that he cannot succeed by virtue of the discovery rule.  On remand, Fahrner's claim must fail if he relies solely on the separation notice to meet his burden of showing that SW Manufacturing misled him into missing the limitations deadline.

### CONCLUSION

On the separate grounds stated, we affirm the decision of the Court of Appeals holding that the statute of limitations cannot be tolled because of the discovery rule.  We reverse and remand to the trial court for consideration of whether equitable estoppel requires tolling of the statute of limitations.

FRANK F. DROWOTA, III, JUSTICE