IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2002 Session

## LARRY MORGAN d/b/a MORGAN CONTRACTING, INC. v. TOWN OF TELLICO PLAINS, TENNESSEE, ET AL.

Appeal from the Circuit Court for Monroe County
No. V99274P     Lawrence H. Puckett, Judge

<u>FILED OCTOBER 30, 2002</u>

No. E2001-02733-COA-R3-CV

In this contract dispute, the Plaintiff, Morgan Contracting, Inc. ("Morgan") sued the Town of Tellico Plains, alleging that it was due $68,464.86 under the terms of the contract. Tellico Plains answered with the defense that Morgan's claim was time-barred under the sixty-day limitations period set forth in the contract. After a non-jury trial, the Court ruled that Morgan had not filed suit within the contractual limitations period and consequently dismissed Morgan's cause of action. On appeal, Morgan argues that the Trial Court erred in not finding that Tellico Plains waived its right to rely upon the contractual limitations period provision. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

John W. Cleveland, Sweetwater, for the Appellant, Morgan Contracting, Inc.

Wm. P. Biddle, III, Athens, for the Appellee, Town of Tellico Plains, Tennessee

## OPINION

The contract at issue provided that Morgan was to install a system of water pipes for Tellico Plains' water system, replacing a system of pipes that was, in the words of Tellico Plains' City Engineer, "a patchwork quilt of small diameter lines of substandard grade materials, galvanized pipe, old plastic pipe, old duct line and some cast iron pipes, most of which had been installed, some as early as the early 1900's, at various times and by various people." Morgan began work on the project in October of 1998.

It soon became apparent that replacing the system of water pipes would be a rather complicated matter, as it was discovered that there were no records or drawings showing the location of the underground structures. Each of the parties took the position that the other was contractually responsible for locating and marking the existing underground pipes. On October 13, 1998, Morgan sent a letter to Joel Bruce Spaulding, Jr., the City Engineer, which states that "it is our position that any additional costs incurred, due to unmarked waterlines, will need to be compensated." Responding to a short note sent by Mr. Spaulding which stated that the contract made it Morgan's responsibility to locate and mark the lines, Morgan sent a letter dated October 15, 1998 which states as follows:

> In short, we will not be held responsible for any water main, water service, sewer main, or sewer service damage if the lines are not marked. We will expect full compensation for the repair of such lines. We will also expect full compensation for any downtime or lost production due to the unmarked lines.
>
> We feel a meeting about this conflict (A.S.A.P.) would be advantageous to all parties. Please advise.

On October 16, 1998, Mr. Spaulding sent Morgan a letter which states as follows in relevant part:

> My formal decision under Section 9.11 of the General Conditions to your October 13, 1998 and October 15, 1998 notices is that the Contract Drawings clearly indicate that the Contractor is responsible for locating the existing underground utilities.
>
> The location of the existing utilities and other obstacles as well as any incidental repairs to same are an essential work element of the Contract.
>
>          \*           \*          \*
>
> As this is an essential element of the Contract, there is no basis for additional compensation nor will the Town relieve you of your duties and responsibilities under the Contract.

Morgan continued to work on the project, locating and marking the water lines as best it could, after receipt of this letter.

On March 9, 1999, Mr. Spaulding sent a letter advising Morgan as follows:

> The Town has requested that we delete the paving work from your contract with the exception of the work performed to date. They have

> elected to perform the work with their own forces and requested that I notify you of same.

The contract anticipated that Morgan would pave 10,000 square yards for Tellico Plains. At the time Morgan received this letter, it had completed paving only 424.78 yards. Subsequently, Morgan filed with the Town a claim for 10% overhead and 5% profit on the 9,575.22 square yards of paving work which Tellico Plains deleted from the contract.

On March 15, 1999, Morgan's attorney sent a letter to Mr. Spaulding and Tellico Plains' attorney, which states as follows in relevant part:

> I am advising my clients, Morgan Contracting, Inc., that they may complete the job in the Town of Tellico Plains and keep a record of all costs associated with the slow downs, stops, repairs, and down time that are caused by the City of Tellico Plains' inability to mark the underground utilities in their city.
>
> It is in my best legal opinion that Morgan Contracting, Inc. is entitled to compensation for the loss of time and down-time as a result of the City of Tellico Plains' inability to mark utilities. . .Therefore, I have advised my clients to serve upon the Town of Tellico Plains a bill for all additional costs which currently is running over Forty Thousand ($40,000) Dollars and additional costs are being accrued daily.

Tellico Plains' attorney responded to this letter by sending the following letter, dated March 17, 1999, which forms the basis for Morgan's waiver argument:

> This will acknowledge receipt of your letter of March 15, 1999. We do not agree with the legal observations and conclusions made therein. Morgan can make whatever claim Morgan desires in regard to additional compensation and that will be addressed in accordance with the contract documents by the Town of Tellico Plains at such time as the contract by Morgan is completed based upon the obligations of the parties under the contract.
>
> The Town of Tellico Plains is not accepting any liability for cost incurred by Morgan Contracting, Inc. resulting from the contractor's damage to existing water lines, but recognize the right that Morgan has to claim additional compensation.

On May 10, 1999, Mr. Spaulding sent a letter to Morgan which states in relevant part as follows:

-3-

The following represents my formal decision as ENGINEER as provided in the General Conditions Article 9.11 in response to the "Summary of Charges", i.e., your requests for additional compensation under the above referenced contract as presented in our April 28, 1999 meeting.

\* \* \*

As regards your claims totaling $39,901.93 for marking unmarked water lines and repairing unmarked water lines, my decision remains the same as my previous decision to the contrary stated in detail in my October 16, 1998 letter. Based on the same reasons outlined in my October 16, 1998 letter, I can not approve your request for additional reimbursement for marking and/or repairing unmarked water lines.

As regards your claim for 5% overhead and 10% profit[1] for the deletion of 9,575.22 square yards of pavement repair at $10.00 per S.Y. (which I calculate as a claim of $14,362.83), I can find no basis in the CONTRACT DOCUMENTS to support this claim.

Morgan filed the instant action on October 5, 1999, alleging that it was due the lost overhead and profits from the deleted paving work, and also reimbursement for the expenses it incurred due to the inability to locate and mark the water lines. Tellico Plains responded, alleging, *inter alia*, that the contract did not support Morgan's claims and that Morgan had failed to comply with the following provision of the contract:

**Decisions on Disputes:**

9.11. ENGINEER will be the initial interpreter of the requirements of the Contract Documents and judge of the acceptability of the work thereunder. Claims, disputes and other matters relating to the acceptability of the Work or the interpretation of the requirements of the Contract Documents pertaining to the performance and furnishing of the Work and Claims under Articles 11 and 12 in respect of changes in the Contract Price or Contract Times will be referred initially to ENGINEER in writing with a request for a formal decision in accordance with this paragraph. . .ENGINEER's written decision on such claim, dispute or other matter will be final and binding upon OWNER and CONTRACTOR unless:. . .a written notice of intention to appeal from ENGINEER's written decision is delivered by OWNER or CONTRACTOR to the other and to ENGINEER within thirty days after the date of such decision and a formal proceeding is

---

[1]Morgan's claim actually was for 10% overhead and 5% profit, as previously noted.

-4-

instituted by the appealing party in a forum of competent jurisdiction to exercise such rights and remedies as the appealing party may have with respect to such claim, dispute or other matter in accordance with applicable Laws and Regulations within sixty days of the date of such decision, unless otherwise agreed in writing by OWNER and CONTRACTOR.

Tellico Plains asserted that Morgan did not send it a written notice of intention to appeal Mr. Spaulding's decision within thirty days, nor did Morgan file suit within the sixty days required by the above-cited Article 9.11 of the contract. Morgan argued at trial that Tellico Plains' letter of March 17, 1999, which states that "Morgan can make whatever claim Morgan desires in regard to additional compensation and that will be addressed in accordance with the contract documents by the Town of Tellico Plains at such time as the contract by Morgan is completed based upon the obligations of the parties under the contract," constituted a waiver by Tellico Plains of Article 9.11 of the contract.

The Trial Court held that Tellico Plains' March 17, 1999 letter was not "a complete waiver." The Court stated that "I do think it was a waiver of the original. . .October 16 [1998] letter and decision. Because it extended the time for claims to be made to the time of completion." The Court made additional findings as follows:

> The way the Court understands the proof, the work had been completed when on May the 10th, 1999, the final decision of the engineer was made about the additional compensation claims. At that point it was incumbent under the contract for Morgan to file a notice of disagreement within thirty days and file suit within sixty days.

The Court consequently dismissed Morgan's action as time-barred under the sixty-day contractual limitations period.

On appeal, Morgan raises the issue, which we restate, of whether the Trial Court erred in failing to hold that Tellico Plains had waived its right to rely on the contractual limitations period contained in Article 9.11.

This is a non-jury case and, accordingly, our review is *de novo* upon the record of the proceedings below. A trial court's conclusions of law carry no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn.1996). There is, however, a presumption of correctness as to a trial court's findings of fact and that presumption must be honored absent evidence which preponderates to the contrary. Tenn.R.App.P. 13(d) and *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn.1993).

We initially note that "it is a well established general rule that in the absence of a prohibitory statute, a contract provision is valid which limits the time for bringing suit, if a reasonable period

of time is provided, and that the general statutes of limitations are not prohibitory of such contractual provisions as between private individuals or corporations." *State v. Evans*, 334 S.W.2d 337 (Tenn.Ct.App. 1959).

We agree with the Trial Court that the March 17, 1999 letter from Tellico Plains' attorney was not an express waiver. As we have recently noted in *Collins v. Summers Hardware and Supply Co.*, an unreported opinion of this Court filed in Knoxville on March 27, 2002,

> A waiver is an intentional relinquishment of a known right and is a doctrine of very broad and general application. It concedes a right, but assumes a voluntary relinquishment of it. Our courts have held that there must be clear, unequivocal and decisive acts of the party of an act which shows determination not to have the benefit intended in order to constitute a waiver.

(Quoting *Gitter v. Tennessee Farmers Mut. Ins. Co.*, 450 S.W.2d 780, 784 (Tenn.Ct.App.1969)). As the Trial Court noted, the letter twice affirms the obligations of the contract, stating that "Morgan can make whatever claim Morgan desires. . .and that will be addressed *in accordance with the contract documents* by the Town of Tellico Plains at such time as the contract is completed *based upon the obligations of the parties under the contract.*" (Emphasis added). We are not of the opinion that the language of the March 17, 1999 letter could reasonably be construed as a clear, unequivocal and decisive relinquishment of Tellico Plains' right to rely on the contractual limitations provision.

Although the Trial Court spoke in terms of "waiver," its holding in effect was that Tellico Plains was equitably estopped from asserting the contractual limitation period until, in the words of the letter, "such time as the contract is completed." Our Supreme Court has recently discussed the concept of equitable estoppel, "which tolls the running of the statute of limitations where the defendant has 'misled the plaintiff into failing to file [his] action within the statutory period of limitations.'" *Fahrner v. SW Manufacturing, Inc.*, 48 S.W.3d 141 (Tenn. 2001)(bracketed material in original). Although the *Fahrner* court dealt with a statutory limitations period, we believe the equitable principles discussed in that case are equally applicable in a situation where the parties have contractually agreed upon a limitations period.

The *Fahrner* court held as follows:

> Having held that the discovery rule and equitable estoppel are different, we must now decide how long the statute of limitations is tolled when a plaintiff successfully invokes the latter. The answer is clear: the tolling period equals the amount of time the defendant misled the plaintiff.

*Fahrner*, 48 S.W.3d at 146. In the present case, we agree with the Trial Court's finding that although the March 17, 1999 letter was not an express waiver, it could fairly be construed as misleading Morgan into believing that Tellico Plains would not assert the limitations defense until "such time as the contract was completed."

The Trial Court found that the contract was completed on May 10, 1999, the date on which Mr. Spaulding mailed the final adjusting change order, and his formal decision denying additional compensation under the contract, to Morgan. The evidence does not preponderate against this finding. It is undisputed that Morgan did not deliver to Tellico Plains or Mr. Spaulding a written notice of intention to appeal Mr. Spaulding's May 10 formal decision, as required by Article 9.11 of the contract. Morgan filed suit on October 5, 1999, well beyond the sixty days allowed by the contract. We do note that Mr. Spaulding's May 10 letter is clearly designated as "my formal decision as ENGINEER" and that it makes specific reference to Article 9.11 of the contract. Based on our review of the record and applicable law, we agree with the Trial Court's conclusion that Morgan's claim is time-barred under the limitations period provision of its contract with Tellico Plains.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Morgan Contracting, Inc. and its surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE