IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2015

**IRENE KESTERSON v. LANNY JONES, ET AL.**

**Appeal from the Chancery Court for Greene County**
**No. 20110247     Hon. Kindall T. Lawson, Judge[1]**

—————————————

**No. E2013-02092-COA-R3-CV-FILED-MAY 21, 2015**

—————————————

This appeal concerns three notes executed by the defendants and made payable to the plaintiff. When the plaintiff filed suit, the defendants filed a motion for summary judgment, arguing that the statute of limitations for recovery on the notes had passed. The trial court denied the motion for the summary judgment. Following a bench trial, the court ruled in favor of the plaintiff, finding that the defendants were estopped from pleading the statute of limitations as a defense and that they had revived the obligation after the limtiations period ran. The defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN. W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Roger A. Woolsey, Greeneville, Tennessee, for the appellants, Lanny Jones and Melissa Sue Jones.

Jerry W. Laughlin, Greeneville, Tennessee, for the appellee, Irene Kesterson.

**OPINION**

**I.     Background**

Over the course of four months, Irene Kesterson ("Plaintiff") and her late husband, Willard Kesterson,[2] agreed to loan Lanny Jones and Melissa Sue Jones (collectively "Defendants") $30,000. Defendants executed three notes, dated March 25, 1996, May

---

[1] Sitting by interchange.
[2] Mr. Kesterson passed away on March 16, 2006.

15, 1996, and July 8, 1996, payable to Plaintiff and her husband bearing an interest at the rate of 6 percent. Two of the notes bore a due date of "one year-ninety day notice," and the third note bore a due date of "one year or ninety day notice." Defendants remitted interest through August 3, 1999. Following Defendants' failure to remit payment on the principal, Plaintiff filed suit on August 29, 2011.

Defendants responded with a motion for summary judgment, arguing that collection of the notes was barred by the applicable statute of limitations. Plaintiff responded by asserting that Defendants should be estopped from raising the statute of limitations as a defense. She alternatively argued that Defendants revived the obligation beyond the applicable statute of limitations. Plaintiff claimed that in 1999, Defendants requested to delay payment until they could buy and sell some property. She asserted that Defendants also repeatedly assured her that they would remit payment as soon as they were able to pay the debt. She claimed that based upon their agreement and the repeated assurances, she chose not to take any legal action until filing the complaint at issue.

The trial court denied the motion for summary judgment, finding that genuine issues of material fact remained. The case proceeded to a bench trial. There is no transcript of the proceeding available for this court's review. Pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure, the trial court filed a Statement of the Evidence, which we recount as follows:

Plaintiff testified that she and her husband were "great friends" with Defendants and that they loaned them approximately $30,000. Defendants executed three notes in recognition of the debt obligation. She asserted that she intended to reserve the right to demand payment within 90 days.

Plaintiff recalled that Defendants paid the accumulated interest on the notes in August 1999 and assured her that they would pay the rest after they bought and sold some property. She also recalled that Mr. Jones assured her in June 2002 that he would fulfill the debt obligation when he sold some property. She said that he claimed that he had not sold the property each time she asked for payment. She stated that she asked for payment "several times" after her husband passed away in 2006. She asserted that both defendants advised her that she would receive payment. She acknowledged that they never specifically discussed her intention to delay filing suit but that she trusted their assurances that she would eventually receive payment.

Bill Pearson testified concerning Plaintiff's reputation for truth in the community. Following his testimony, the parties stipulated that she was a person of good character.

Mr. Jones testified that he borrowed money from Plaintiff and her husband. He admitted that he last remitted payment in August 1999. He acknowledged that he told Plaintiff he would remit payment when he sold some property that he purchased in 2000. He admitted that he sold the aforementioned property in 2011. He asserted that she did not request payment before 2006 and that his promise to pay occurred before 2010. He later stated that he did not believe that he owed her any more money and that he never promised to pay her anything. He explained that he never decided that he would not remit payment but that he thought he "might try" to remit payment if he had the money.

Mrs. Jones testified that Plaintiff did not ask for payment until after 2006, at which time she advised her that she did not have money. She said that she never promised to pay but admitted that Mr. Jones stated that he "might try" to pay when the property sold.

Following the hearing, the trial court held that Defendants were estopped from asserting a statute of limitations defense based upon their statements to Plaintiff since June 2006. The court also held that Defendants' statements revived the obligation and that Plaintiff timely filed suit "from when the statements occurred." The trial court awarded Plaintiff a judgment in the amount of $53,700, plus reasonable attorney fees. This timely appeal followed the denial of post-trial motions.

## II.     ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.      Whether the trial court erred in finding that Defendants were estopped from asserting a statute of limitations defense.

B.      Whether the trial court erred in finding that Defendants revived their debt obligation and that Plaintiff filed her complaint within the applicable statute of limitations measured from when the revival of the debt occurred.

## III.    STANDARD OF REVIEW

After a bench trial, we review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). Because the trial court is in the best position to observe witnesses and evaluate their demeanor, we afford great deference to a trial court's credibility determinations. *Hughes v. Metro. Govt. of Nashville and Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011). We review questions of law de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

# IV. DISCUSSION

## A. & B.

Defendants argue that they should not have been equitably estopped from asserting a statute of limitations defense and that they did not revive their obligation. They claim that the notes were subject to a six-year statute of limitations pursuant to Tennessee Code Annotated sections 47-3-108 and 47-3-118 but that their interest payments extended the limitations period to August 3, 2005. They assert that Mr. Jones was the only party that may have acknowledged the debt following the last interest payment but that he never induced Plaintiff to refrain from filing suit. They claim that his acknowledgement did not occur until June 2006, beyond the applicable limitations period, and that his statements were insufficient to constitute a revival of the obligation. Plaintiff responds that the notes were subject to a ten-year statute of limitations pursuant to Tennessee Code Annotated sections 47-3-108 and 28-3-109. She argues that the promise to repay was made in August 1999, well before Defendants' claimed six-year limitations period, and that both defendants made additional promises since that time.

Our Supreme Court addressed the doctrine of equitable estoppel in *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436 (Tenn. 2012). The Court stated, in pertinent part,

> The doctrine of equitable estoppel arises from the equitable maxim that no person may take advantage of his or her own wrong. In the context of a defense predicated on a statute of limitations, the doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period. *Fahrner v. SW Mfg., Inc.,* [48 S.W.3d 141, 145 (Tenn. 2001)]; *Ingram v. Earthman*, 993 S.W.2d 611, 633 (Tenn. Ct. App. 1998). When the doctrine of equitable estoppel is applicable, it prevents a defendant from asserting what could be an otherwise valid statute of limitations defense. *Hardcastle v. Harris*, 170 S.W.3d 67, 84 (Tenn. Ct. App. 2004).

> The party invoking the doctrine of equitable estoppel has the burden of proof. [*Id.*] at 85. Thus, whenever a defendant has made out a prima facie statute of limitations defense, the plaintiff must demonstrate that the defendant induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit.

[*Fahrner*], 48 S.W.3d at 145; [*Harris*], 170 S.W.3d at 85. The plaintiff "must also demonstrate that [his or her] delay in filing suit was not attributable to [his or her] own lack of diligence." [*Harris*], 170 S.W.3d at 85.

* * *

Plaintiffs asserting equitable estoppel must have acted diligently in pursuing their claims both before and after the defendant induced them to refrain from filing suit. The statute of limitations is tolled for the period during which the defendant misled the plaintiff. [*Fahrner*, 48 S.W.3d at 146]; *Lusk v. Consolidated Aluminum Corp.*, 655 S.W.2d 917, 920-21 (Tenn. 1983). The plaintiff must demonstrate that suit was timely filed after the plaintiff knew or, in the exercise of reasonable diligence, should have known that the conduct giving rise to the equitable estoppel claim had ceased to be operational. *See* [*Ingram*, 993 S.W.2d at 633.] At the point when the plaintiff knows or should know that the defendant has misled him or her, the original statute of limitations begins to run anew, and the plaintiff must file his or her claim within the statutory limitations period. [*Fahrner*, 48 S.W.3d at 146.]

*Redwing*, 363 S.W.3d at 460 (footnote omitted). "Similarly, a defendant may revive a plaintiff's remedy that had been barred by the running of a statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it." *Ingram*, 993 S.W.3d at 633-34 (internal citations and footnotes omitted). In such cases,

The expression of willingness to pay the debt that must accompany the acknowledgment of the debt may be implied from the defendant's words or acts but, in whatever form, the words or acts must amount to a recognition of the continuing obligation. Persons who successfully establish the revival exception to a statute of limitations defense must file suit with the applicable limitations period measured from when the conduct constituting the revival occurred.

*Id.* at 634.

Here, Plaintiff identified specific promises and assurances to repay when Defendants were able to sell property. These promises occurred in 1999,[3] 2002, and

---

[3] The land had not been purchased at that time. Plaintiff claimed in her affidavit that in 1999, Defendants advised her of their plan to purchase and then sell property. The property was purchased in 2000.

thereafter, well before the expiration of the six-year statute of limitations claimed by Defendants. Plaintiff promptly filed suit when Defendants failed to fulfill their obligation to her after selling the aforementioned property. Relative to the revival of the debt obligation, Plaintiff also testified that both defendants offered repeated assurances before and after the claimed limitations period that they would repay the debt. As evidenced by the trial court's ruling, the court resolved any issues regarding the credibility of the witnesses in Plaintiff's favor. *Hughes*, 340 S.W.3d at 360. With these considerations in mind, we conclude that the trial court did not err in determining that Defendants were estopped from asserting the statute of limitations as a defense and that they had revived their obligation to Plaintiff.

## V.    CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Lanny Jones and Melissa Sue Jones.

_____
JOHN W. McCLARTY, JUDGE