IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 18, 2018 Session

## ROBERT LEE HARRIS v. REGIONS FINANCIAL CORP. ET AL.

**Appeal from the Chancery Court for Claiborne County**
**No. 18853     Elizabeth C. Asbury, Chancellor**

_____

**No. E2017-00838-COA-R3-CV**
_____

This case involves the plaintiff's purchase of real property and the alleged fraud by others as to the property's real value. On December 20, 2016, the plaintiff filed a *pro se* complaint against several defendants, including Regions Financial Corporation. The plaintiff labeled his six counts as sounding in fraud in the inducement, breach of contract, conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, and improper foreclosure of deed of trust. The trial court dismissed the plaintiff's complaint against the defendants, holding that the complaint is barred by the three year statute of limitations. *See* Tenn. Code Ann. § 28-3-105 (2017). In so holding, the court determined that the complaint, on its face, shows that the plaintiff, as early as 2006, knew, or should have known, that the property was worth substantially less than the plaintiff paid for it and, as a consequence, he had been injured by the acts of others. In response, the plaintiff argues that the trial court erred when it failed to rely upon the six-year statute of limitations as to his claim for breach of contract. *See* Tenn. Code Ann. § 28-3-109(a)(3) (2017). Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Elliott J. Schuchardt, Knoxville, Tennessee, for the appellant, Robert Lee Harris.

Robert R. Carl, Knoxville, Tennessee, and Robert F. Tom and Mary Katherine Smith, Memphis, Tennessee, for the appellee, Regions Financial Corporation.

Sean W. Martin and A. Grace van Dyke, Chattanooga, Tennessee, for the appellee, Kimberly Setsor dba Setsor Appraisal Service.

Bret J. Chaness, Peachtree Corners, Georgia, for the appellee, U.S. Bank Trust National Association, as trustee for Towd Point Master Funding Trust 2014-04.

**OPINION**

**I.**

In 2006, plaintiff sought to purchase and develop property in Claiborne County, Tennessee. An East Tennessee real estate agent showed plaintiff a piece of property available for purchase. The agent allegedly encouraged plaintiff to purchase the property for $345,000. Plaintiff, in his complaint, states that he "questioned the proposed price for the property," but agreed to offer the suggested amount.

Plaintiff sought a loan to purchase the property. Plaintiff states in his complaint that "[a]*ll of the banks* refused to provide financing for the transaction because the property was not worth $345,000[]." (Emphasis in original). Plaintiff further states that "[a]fter learning of the multiple denials, [plaintiff] again questioned the value of the property." Regions Bank ultimately agreed to finance the property. Regions hired an appraiser who appraised the property at $435,000. Plaintiff did not get an independent appraisal. He then proceeded with the purchase.

In 2011, plaintiff fell behind on his payments. Regions Bank suggested plaintiff sign a new promissory note that would include the remaining principal balance, plus the accrued interest and fees owed in connection with plaintiff's default. Plaintiff initially refused to sign. In his complaint, he "argu[ed] that the property was not worth the total amount owed under the new note." Regions Bank obtained another appraisal from defendant Setsor Appraisal Service. On December 20, 2011, Ms. Setsor appraised the property's value as $320,000. In February 2012, plaintiff signed the new promissory note.

On November 9, 2016, plaintiff filed a Chapter 7 bankruptcy petition. On December 20, 2016, plaintiff filed his *pro se* complaint in this case. Defendants filed motions to dismiss. On April 5, 2017, the trial court held a hearing on the motions. Plaintiff represented himself. The court first heard argument on plaintiff's motion to continue. It was denied. The court then heard argument on the motions to dismiss. The trial court entered an order granting the motions to dismiss with prejudice on the ground that all claims were barred by the three-year statute of limitations. The court denied all of plaintiff's other pending motions. This appeal followed.

## II.

The issues raised by plaintiff on appeal, as taken verbatim from his brief, are, as follows:

> Whether the trial court erred by ruling on the statute of limitations as a matter of law, rather than submitting the issue to a jury.

> Whether the trial court erred by failing to apply the six-year statute of limitations for breach of contract, which ran from Harris' contract in February 2012.

Defendant Regions raises an additional issue,[1] as taken verbatim from its brief:

> If this Court finds that Plaintiff-Appellant's claim for breach of the implied covenant of good faith and fair dealing is subject to the six-year statute of limitations, whether this Court should otherwise affirm the Chancery Court's dismissal of that claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure on alternative grounds?

The remaining defendants did not include a statement of the issues presented for review in their briefs.[2]

## III.

We are mindful of the fact that plaintiff presented to the trial court as a *pro se* litigant. Parties who represent themselves are entitled to fair and equal treatment by the courts; nevertheless, "the courts must also be mindful of the boundary between fairness to

---

[1] Regions also raised the following issue: "[w]hether this Court should dismiss this appeal on the grounds that Plaintiff-Appellant failed to comply with the briefing requirements set forth in the Tennessee Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals[.]" In an order entered November 7, 2017, this Court granted plaintiff permission to file an amended principal brief addressing the deficiencies raised by Regions in its motion to dismiss the appeal. Plaintiff filed a corrected brief thus rendering this issue moot.

[2] We note that the defendants collectively also raised the issues of plaintiff's standing to bring the present lawsuit and judicial estoppel resulting from statements made by the plaintiff in his pending Chapter 7 bankruptcy. The trial court attempted to ask the *pro se* plaintiff about his bankruptcy at the hearing on the motions to dismiss. Plaintiff's bankruptcy attorney had been sequestered, and, when called by the court, was not present. Therefore, the court did not make any findings regarding the bankruptcy, and did not address any potential standing issue at the hearing or in its subsequent order. Finding cause to affirm the trial court's dismissal of plaintiff's complaint with prejudice, we do not address any issues surrounding plaintiff's bankruptcy.

a pro se litigant and unfairness to the pro se litigant's adversary." ***Young v. Barrow,*** 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Therefore, courts may "not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Id***. As we have explained,

> [t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.
>
> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants.

***Vandergriff v. ParkRidge E. Hosp.***, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015) (citing ***Young***, 130 S.W.3d at 63).

The determination of whether a suit should be dismissed based on the statute of limitations presents a question of law which we review de novo with no presumption of correctness. ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 456 (Tenn. 2012) (citing ***Fahrner v. SW Mfg., Inc.,*** 48 S.W.3d 141, 144 (Tenn. 2001)).

The Supreme Court has stated:

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action. In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011) (internal citations and quotations omitted).

**IV.**

**A.**

When the relevant facts are not in dispute, the application of the statute of limitations may be decided as a question of law. ***Akins v. State Farm Ins. Co.***, No. E200801108COAR3CV, 2009 WL 1272306, at *2 (Tenn. Ct. App. May 8, 2009). This Court has stated:

> [W]here the undisputed facts demonstrate that no reasonable trier of fact could conclude plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is appropriate.

***Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 558 (Tenn. Ct. App. 2013) (citing ***Schmank v. Sonic Automotive, Inc.***, No. E2007–01857–COA–R3–CV, 2008 WL 2078076, at *3 (Tenn.Ct.App. May 16, 2008).

After a hearing on defendants' motions to dismiss, the trial court stated, in its April 26, 2017 order, as follows:

> Plaintiff's causes of action against Regions and U.S. Bank accrued in 2006 when Plaintiff purchased certain property… At that time, Plaintiff knew or should have known about the alleged issues regarding the value of the Property which form the basis of the claims asserted in Plaintiff's Complaint.
>
> Based upon Plaintiff's own allegations in his Complaint, there were various indications relating to the Property's alleged true value at the time of the purchase in 2006. Plaintiff knew or should have known of these alleged issues when all of the banks allegedly refused to finance Plaintiff's purchase of the Property because the Property was not worth $345,000.00. Moreover, Plaintiff admitted in the Complaint that the banks' multiple denials to provide financing for the transaction

-5-

caused Plaintiff to further question the alleged true value of the Property.

Plaintiff's action is time-barred by the applicable statute of limitations. Pursuant to Tennessee Code Annotated § 28-3-105(a)(1), the limitations period for "[a]ctions or injuries to personal or real property" is three years from the accrual of the cause of action. Actions arising out of property damage accrue "at the time the injury occurs or when it is discovered, or when in the exercise of reasonable care and diligence the injury should have been discovered."

(Paragraph numbering and internal citations omitted). The trial court found that, looking at the four corners of plaintiff's complaint, the applicable statute of limitations began to run in 2006. At that time, plaintiff knew or reasonably should have known that something was amiss regarding the value of the property and that the defendants were responsible for his loss. The court made these findings based upon the following language in plaintiff's complaint:

…the real estate agent, encouraged Harris to purchase the property for $345,000[]. Harris questioned the proposed purchase price for the property, but agreed to offer it…In 2006, Harris agreed to purchase the…property…for $345,000[] …*All of the banks* refused to provide financing for the transaction because the property was not worth $345,000[] …After learning of the multiple denials, Harris again questioned the value of the property.

(Emphasis in original; paragraph numbering omitted). The trial court held, based on plaintiff's own allegations, that the "entirety of Plaintiff's Complaint is barred by the applicable statute of limitations."

We hold that the court did not err in ruling on the statute of limitations as a matter of law. Plaintiff's own language in his complaint betrays his attempt to argue the application of the discovery rule to his claims. He unequivocally indicates in his complaint when he knew, or in the exercise of reasonable care and diligence should have known, that he was injured as a result of the defendants' alleged wrongful conduct. No reasonable fact finder could conclude otherwise. The trial court did not err in its conclusions from the language of the plaintiff's complaint.

**B.**

Plaintiff argues on appeal that the trial court erred by failing to apply the six-year statute of limitations to his claim for breach of contract. The Supreme Court clarified in *Redwing* that the choice of the correct statute of limitations:

> …is made by considering the "'gravamen of the complaint.'" In common parlance, this rather elliptical phrase refers to the "substantial point," the "real purpose," or the "object" of the complaint. It does not involve the "designation" or "form" of the action. Determining the "gravamen of the complaint" is a question of law.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) (Internal citations omitted). We are to "consider each claim, rather than the entire complaint, when ascertaining gravamen and choosing the applicable statute of limitation." *Benz-Elliott v. Barrett Enterprises, LP*, 456 S.W.3d 140, 149 (Tenn. 2015). We are to consider "both the *basis of the claim* and the *type of injuries* for which damages are sought." *Id.* (emphasis in original).

Plaintiff's *pro se* complaint includes a count designated "breach of contract." Therein, he includes language that connotes an attempt to state a valid claim for breach of a 2012 contract. Plaintiff states in his *pro se* complaint that, "[O]n December 20, 2011, Setsor rendered an appraisal…[plaintiff] relied upon Setsor's false appraisal. In February 2012, Harris agreed to sign a new promissory note." Plaintiff's *pro se* complaint also states that, "[W]hen [plaintiff] agreed to refinance the note in 2012, Regions Bank was subject to an implied covenant of good faith and fair dealing. Regions Bank breached this covenant when it hired Kimberly Setsor to do a false appraisal of the property." Plaintiff therefore states that the subject contract was entered into in 2012, and that Ms. Setsor was hired, and the fraudulent appraisal was produced, chronologically prior to plaintiff's signing of the 2012 contract. Plaintiff's allegation that the hiring of Ms. Setsor to produce a fraudulent appraisal that was provided in *2011* breached the implied covenant of good faith and fair dealing in an agreement he entered into in *2012* is not sound. Plaintiff's complaint fails to state a claim for breach of contract on its face; the gravamen of this claim is fraud in the inducement. Plaintiff is seeking damages flowing from the price that he claims the fraudulent appraisals induced him into paying. This claim is another iteration of his claim for fraud in the inducement with a "breach of contract" label.

Plaintiff stated in his complaint that he fell behind on mortgage payments in 2011. Regions then suggested that he enter into a new promissory note, and he "initially refused to sign the note, arguing that the property was not worth the total amount owed under the new note." He nonetheless agreed to sign a new promissory note in February 2012. Therefore, at the *very* latest, plaintiff states in his complaint that he knew he was being

induced into paying an inflated price as of his default in 2011. Accordingly, we hold that the court did not err when it ruled as a matter of law that plaintiff's claim for "breach of contract" was barred by the three-year statute of limitations in Tenn. Code Ann. § 28-3-105, as a matter of law, when he filed his complaint in 2016.[3]

## V.

Based on the foregoing, we affirm the judgment of the trial court granting defendants' motions to dismiss with prejudice. Costs on appeal are taxed to the appellant, Robert Lee Harris.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[3] While plaintiff did not specifically appeal the application of the statute of limitations to his claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy, given that these claims are based on the same factual allegations as his claim for "breach of contract," and that each are subject to a one year statute of limitations in Tenn. Code Ann. § 28-3-104, they are necessarily time-barred along with his fraud claims.