James L. GARTHRIGHT, Jr., Conservator of Mary Sue Hammond, Plaintiff-Appellee,

v.

FIRST TENNESSEE BANK OF MEMPHIS, Successor to First National Bank of Memphis and J.W. Rascoe, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 8, 1986.

Application for Permission to Appeal Denied Feb. 2, 1987.

James L. Garthright, Jr., Memphis for plaintiff-appellee.

William F. Kirsch, Jr., Memphis for defendant-appellant, First Tennessee Bank.

John R. Branson, Memphis for defendant-appellant, J.W. Rascoe.

CRAWFORD, Judge.

Defendants, First Tennessee Bank of Memphis and J.W. Rascoe, appeal from the judgment of the Chancery Court awarding a money judgment plus attorney fees and costs to plaintiff, James L. Garthright, Jr., Conservator for Mary Sue Hammond.

Plaintiff's complaint, filed January 12, 1981, alleges that plaintiff is entitled to recover against defendants for breach of contract, conversion of funds, money improperly had and received, and fraud and deceit involving a fiduciary relationship. The complaint avers that plaintiff is the duly appointed conservator of Mary Sue Hammond; that defendant, First Tennessee, is a banking institution; that defendant, Rascoe, is the son of Mary Sue Hammond; and that Mary Sue Hammond had two children, the defendant, Rascoe, and Virginia Gray. It further avers that on January 29, 1973, plaintiff had on deposit in savings account number 00–6571042 in defendant bank the approximate sum of $1,250 and that the signature card reflected only plaintiff as a signatory on the account. There was no administration of Mary Sue Hammond's estate after her death. The complaint also avers that for a long period of time the conservator savings account was inactive and that the conservator had not taken steps to close the estate.[1] It further avers that when the probate

---

1. No one questions the standing of the conservator to file this suit after the death of his ward so   we have not considered such issue.

court requested an accounting the conservator learned for the first time that most of the funds had been withdrawn from the account by the defendant, J.W. Rascoe. The complaint also avers that the conservator discussed the matter with an attorney for defendant bank but that no solution was reached. Plaintiff further avers that Rascoe improperly converted the funds to his own use, that the defendant bank breached the debtor-creditor relationship, and that the bank improperly permitted the withdrawal by Rascoe. Plaintiff prays for judgment for the amount of the balance withdrawn and attorneys fees and costs.

The defendant bank's answer joined issue on the material allegations of the complaint. The bank relies upon the defense of laches and further avers that the account in question was a joint account of the said Mary Sue Hammond and her son, defendant Rascoe, and that the plaintiff merely took over as one of the joint owners when he became the conservator of the said Mary Sue Hammond. The answer also averred that the account was a survivorship account and that Rascoe had the right to withdraw from the account.

Defendant Rascoe's answer joins issue on the material allegations of the complaint and also relies upon the defenses of laches. Rascoe further avers that he was a joint signatory on the account, that he had a right to withdraw from the account, and that he had not converted any funds that he could not rightfully claim.

On May 1, 1985, both defendants filed motions for leave to amend their answers to rely upon the defense of the statute of limitations, T.C.A. § 28-3-105 and T.C.A. § 28-3-109. At the time the motions were filed the case had not been set for trial, and in fact the case was not tried until February 27, 1986. By order entered June 10, 1985, the trial court denied the motions to amend but with leave to file the proposed amendment "for the purpose of the appellate record only."

The facts are virtually undisputed. In 1954, Rascoe and his mother, Mary Sue Rascoe (later Hammond) opened an account with First National Bank of Memphis, the predecessor to defendant bank. The account number was 57104, and the signature card provided that the account was a joint account with right of survivorship. In 1955, a new card was issued for the account changing the account number to 00-6571042, but the type of account remained unchanged. Through the years, Rascoe and his mother each made deposits and withdrawals.

In April, 1967, plaintiff was acting as attorney for Virginia Gray, Mrs. Hammond's daughter, and filed a petition for Mrs. Gray to be appointed conservator for Mary Sue Hammond. The probate court, however, appointed plaintiff as conservator for Mrs. Hammond because of family friction. Some time after the appointment, the plaintiff learned of the account at defendant bank and was issued a signature card on the account number 00-6571042, which at that time had a balance of $2,081.80. Plaintiff did not know this was a joint account, and he used the account to handle the conservatorship funds of Mrs. Hammond. Mrs. Hammond died on or about September 1, 1969, and subsequent thereto plaintiff took no steps to close the conservatorship estate.

On January 23, 1973, Rascoe, who testified that he did not know plaintiff was using the account for the conservatorship, withdrew the balance then remaining in the account of $1,220.19. Defendant bank had been sending plaintiff quarterly statements on the account, and, although a statement showed the withdrawal of January 23, 1973, plaintiff did not look at the statements until some time in 1975, when he was required to file an accounting in the conservatorship. By order of May 6, 1975, the probate court ordered plaintiff to file suit to attempt to recover the amount withdrawn. Plaintiff did not file the suit until January 12, 1981.

Defendants have presented the following issues for review:

1. Whether the trial court erred by denying Defendants' Motions for Summary Judgment.

2. Whether the trial court erred by denying the Defendants' Motion for Leave to File Amended Answers.

3. Whether Plaintiff's action should have been barred by the doctrine of laches.

4. Whether the trial court erred by awarding Plaintiff his attorneys' fees as an element of damages.

For reasons that are evident, we will first consider the defendants' second issue: "Whether the trial court erred by denying defendants' motions for leave to file amended answers."

Although the suit was filed in January, 1981, and answers were filed thereto, there was no major activity in the case until about April, 1985, when defendants filed motions for summary judgment. In May, 1985, defendants sought to amend their answer to rely in part upon the statutes of limitation in their motions for summary judgment. As heretofore noted, although the case had not been set for trial, the trial court denied the motions to amend and also denied the motions for summary judgment.

Tenn.R.Civ.P. 15.01 provides in part:

15.01 *Amendments.*—A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, he may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and *leave shall be freely given when justice so requires....* (Emphasis supplied.)

In *Branch v. Warren,* 527 S.W.2d 89, 91–92 (Tenn.1975) Justice Henry, of the Supreme Court, discussed the effect of Tenn.R.Civ.P. 15.01:

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pretrial discretion on the part of a trial judge. Indeed, the statute (§ 20–1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what it says, that "leave shall be freely given."

In *Craven v. Lawson,* 534 S.W.2d 653, 655 (1976), Chief Justice Fones stated: "Rule 15 tells trial judges that leave to amend shall be freely given when justice so requires."

We recognize that amendments to pleadings lie within the sound discretion of the trial court. However, the rule mandates the allowance of amendments if justice requires. In the case at bar, defendants contend that they had a meritorious defense. The case had not been set for trial, and to grant leave for defendants to amend their answer and rely upon the defense would not in any way delay the case or otherwise prejudice plaintiff except insofar as the defense itself might prevail. Under these circumstances, we feel that the trial court abused its discretion in denying leave to amend.

The amendments sought to include the defenses of two statutes of limitation, T.C.A. § 28–3–105 and T.C.A. § 28–3–109.

T.C.A. § 28–3–105 provides:

*Property tort actions—Statutory liabilities—Alienation of affections.*—The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;

(2) Actions for the detention or conversion of personal property;

(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability;

(4) Actions for alienation of affections.

T.C.A. § 28-3-109 provides:

*Rent—Official misconduct—Contract not otherwise covered—Title insurance—Demand notes.*—(a) The following actions shall be commenced within six (6) years after the cause of action accrued:

(1) Actions for the use and occupation of land and. for rent;

(2) Actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; and

(3) Actions on contracts not otherwise expressly provided for.

(b) The cause of action on title insurance policies, guaranteeing title to real estate, shall accrue on the date the loss or damage insured or guaranteed against is sustained.

(c) The cause of action on demand notes shall be commenced within ten (10) years after the cause of action accrued.

■ Defendant Rascoe is accused of converting the proceeds from the bank account to his own use, thus T.C.A. § 28-3-105 would be the controlling statute of limitation. As noted, the funds were withdrawn by Rascoe on January 23, 1973, and by the bank statements plaintiff was duly notified of such withdrawal shortly thereafter. Suit was not filed until 1981, clearly long after the statute of limitation had barred the suit.

■ Plaintiff alleges that the bank breached its contract when it allowed the unauthorized withdrawal. This breach occurred January 23, 1973, when the withdrawal was made. Plaintiff was duly notified of the withdrawal shortly thereafter by virtue of the bank statement. Suit was not filed until 1981, well beyond the period of limitation barring the suit.

We hold that the trial judge should have allowed the amendments to the answers pleading the statutes of limitations, that there is no dispute that the applicable statutes act as a bar to plaintiff's action, and therefore the case should be dismissed.

Accordingly, the judgment of the trial court is reversed, the case is dismissed, and the costs of the appeal are assessed against the appellee.

FARMER, J., and NEARN, J. (Retired), concur.