IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2018 Session

## RACHEL L. BELL v. MICHAEL GARDNER

**Appeal from the Circuit Court for Davidson County**
**No. 16C1737     Don R. Ash, Senior Judge**

_____

### No. M2017-01520-COA-R3-CV

_____

A debtor in a Chapter 13 bankruptcy case hired an attorney to represent him in his divorce. Several years later, the attorney filed suit against the debtor for unpaid legal fees. The debtor raised the statute of limitations as a defense. The attorney claimed she delayed filing suit after receiving a letter from the debtor's bankruptcy counsel. The letter asked the attorney to "[p]lease cease collection pursuant to the automatic stay of 11 USC § 362." Applying the doctrine of equitable estoppel, the trial court "decline[d] to apply the statute of limitations as unjust" and granted judgment to the attorney for the unpaid fees. Because the court erred in concluding that the debtor was equitably estopped from asserting his statute of limitations defense, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY W. ARMSTRONG, J., joined.

James E. Kirby, Nashville, Tennessee, for the appellant, Michael Gardner.

John R. Cheadle, Jr., and Mary Barnard Cheadle, Nashville, Tennessee, for the appellee, Rachel L. Bell.

## OPINION

## I.

On January 31, 2008, Michael Gardner filed for relief under Chapter 13[1] of the Bankruptcy Code. *See* 11 U.S.C. §§ 101-1532 (2017). Less than three months later, he hired Rachel L. Bell to represent him in his divorce. Under his retainer agreement with Ms. Bell, Mr. Gardner agreed to pay a retainer of $1,000, against which legal fees and expenses would be deducted.

From the outset, Mr. Gardner had difficulty making timely payments to Ms. Bell after the retainer was exhausted. Seven months after the parties signed the retainer agreement, on November 24, 2008, Ms. Bell sent the following letter to Mr. Gardner:

> A few months ago we agreed to payment arrangements of $300.00 a month and to date you have been deficient and late with your payments. The prior payment arrangement agreement is void and another is proposed and will have to be honored in order to satisfy your invoice with my office.

Over twenty-one months later, in September 2010, Ms. Bell sent Mr. Gardner a "last notice" expressing "concern[] that [he] ha[d] not attempted to settle [his] past due balance of $6,126.40." The letter also noted that the last payment on the account was made on April 27, 2009, and that Mr. Gardner had accumulated $1,100 in late fees. The letter offered "the opportunity to pay [the] balance in full in the amount of $6,126.40 and avoid application of the late fee for the month of October, if payment is received on or before September 30, 2010." But "[i]f the balance [wa]s not paid in full by **September 30, 2010** or payment arrangements set not to exceed a paid in full date by January 1, 2011, [Ms. Bell would] be compelled to take any and all legal remedies available."

On August 9, 2011, Mr. Gardner's bankruptcy attorney sent Ms. Bell a letter

---

[1] In 2010, the United States Supreme Court distinguished Chapter 13 from the more commonly filed Chapter 7:

> Chapter 13 of the Bankruptcy Code provides bankruptcy protection to "individual[s] with regular income" whose debts fall within statutory limits. 11 U.S.C. §§ 101(30), 109(e). Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, *see* §§ 704(a)(1), 726, Chapter 13 debtors are permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income, *see* §§ 1306(b), 1321, 1322(a)(1), 1328(a). A bankruptcy trustee oversees the filing and execution of a Chapter 13 debtor's plan. § 1322(a)(1); *see also* 28 U.S.C. § 586(a)(3).

*Hamilton v. Lanning*, 560 U.S. 505, 508 (2010).

2

asking her to "[p]lease cease collection pursuant to the automatic stay of 11 USC § 362." The letter also informed Ms. Bell that Mr. Gardner "ha[d] been advised that this post-petition debt will not be discharged upon entry of a Chapter 13 discharge order and he will be responsible for the debt after Chapter 13 discharge or in the event of dismissal of this case."

On May 21, 2013, Mr. Gardner received his bankruptcy discharge. But Ms. Bell did not file suit against Mr. Gardner until February 1, 2016. In general sessions court, she filed a "suit on a sworn account . . . in the amount of $9,689.78, this amount being past due and owing, plus reasonable attorney's fees of $3,229.93, pursuant to the contract underlying the account, for a total of $12,919.71, plus interest to date of judgment, court costs and private process server fees." The general sessions court awarded Ms. Bell a judgment of $8,852.28 with interest at the rate of 5.5%.

On appeal to the Circuit Court for Davidson County, Tennessee, Mr. Gardner asserted that Ms. Bell's claim was barred by the applicable statute of limitations. For her part, Ms. Bell argued her lawsuit was timely filed because collection of the debt Mr. Gardner owed her was stayed during the pendency of the bankruptcy proceeding. Alternatively, Ms. Bell argued that Mr. Gardner was equitably estopped from asserting the statute of limitations as a defense.

After a one-day trial, the circuit court awarded Ms. Bell $6,126.40 plus prejudgment interest from the date of Mr. Gardner's bankruptcy discharge. Because Mr. Gardner's last payment was made in April 2009, the court found that Ms. Bell knew or should have known by May 25, 2009, that she had a claim against Mr. Gardner. Although the court concluded that Ms. Bell's suit was filed beyond the applicable statute of limitations, the court considered "whether the period for filing was somehow extended."

The court concluded that the statute of limitations was not a bar to Ms. Bell's claim. It rejected the argument that the limitations period was tolled by Mr. Gardner's Chapter 13 filing. Under Tennessee Code Annotated § 28-1-109, "[w]hen the commencement of an action is stayed by injunction, the time of the continuance of the injunction is not to be counted." Tenn. Code Ann. § 28-1-109 (2017). But the court held the statute was inapplicable because Ms. Bell's action was not stayed.[2]

---

[2] The debt to Ms. Bell arose after the filing of Mr. Gardner's bankruptcy petition. Despite the language of the bankruptcy attorney's letter to the contrary, the automatic stay of "11 U.S.C. § 362(a) does not prohibit a creditor from collecting a postpetition debt from a debtor, or from property of a debtor." *In re Henline*, 242 B.R. 459, 467 (Bankr. D. Minn. 1999). The automatic stay operates to stay "any act to collect, assess, or recover a claim against the debtor that arose *before* the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(6) (emphasis added).

Still the court determined that Mr. Gardner was "equitably estop[ped] from asserting the statute of limitations defense," so it "decline[d] to apply the statute of limitations as unjust." According to the court, Ms. Bell "relied upon the August 9, 2011 letter indicating her claim was subject to a stay and further implying [Mr. Gardner] would satisfy the claim upon discharge."

## II.

In a nonjury case, our review of the trial court's factual findings is de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Our review of questions of law is de novo with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

The sole issue on appeal is whether the circuit court erred in concluding that Mr. Gardner was equitably estopped from asserting a statute of limitations defense. Courts typically invoke the doctrine of equitable estoppel to prevent a wrongdoer from benefiting when his own wrongful conduct caused the advantageous result. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). When a defendant raises a statute of limitations defense, equitable estoppel "tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id.* Application of the doctrine "prevents a party from asserting what would otherwise be a valid statute of limitations defense." *Hardcastle v. Harris*, 170 S.W.3d 67, 84 (Tenn. Ct. App. 2004).

Statutes of limitations are favored because they "promote the timely pursuit of legal rights by suppressing stale claims." *Id.* Estoppels, on the other hand, are "not favored" because "they prevent parties from asserting claims or defenses to which they would otherwise be entitled." *Id.* Accordingly, the party asserting equitable estoppel has the burden to prove that "(1) the defendant knew or should have known that its conduct would induce the plaintiff to delay filing suit, (2) the plaintiff's reliance on this conduct was reasonable, and (3) the plaintiff's delay was not unreasonable or due to lack of diligence." *Ne. Knox Util. Dist. v. Stanfort Constr. Co.*, 206 S.W.3d 454, 461 (Tenn. Ct. App. 2006); *see Hardcastle*, 170 S.W.3d at 85. Whether estoppel applies in a given case

---

But because it extends to property of the bankruptcy estate, the automatic stay can make recovery of a post-petition claim difficult, if not impossible. A bankruptcy filing operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Bankruptcy Code defines "property of the estate" broadly, *see* 11 U.S.C. § 541, and "when a debtor files under Chapter 13, the bankruptcy estate includes property and wages gained after commencement of bankruptcy proceedings." *Carver v. Carver*, 954 F.2d 1573, 1577 (11th Cir. 1992) (citing 11 U.S.C. § 1306(a)).

is a question of law.  *Allstate Ins. Co. v. Fox*, C.A. No. 134, 1990 WL 8058, at *5 (Tenn. Ct. App. Feb. 6, 1990); *see also Ne. Knox Util. Dist.*, 206 S.W.3d at 461 n.3; *Aussenberg v. Kramer*, 944 S.W.2d 367, 370 (Tenn. Ct. App. 1996).

The court found that Ms. Bell "relied upon the August 9, 2011 letter indicating her claim was subject to a stay and further implying [Mr. Gardner] would satisfy the claim upon discharge."  The evidence does not preponderate against this finding.  The statement of the evidence shows that Ms. Bell testified as to her reliance on the August 9, 2011 letter.  And Mr. Gardner admitted that the letter suggested he would pay the legal fees owed to Ms. Bell at the conclusion of the bankruptcy proceeding.  The court apparently found that Mr. Gardner knew or should have known his bankruptcy attorney's letter would induce Ms. Bell to delay filing suit and that Ms. Bell's reliance on the letter was reasonable.

But the court made no findings regarding Ms. Bell's own delay or a determination of whether her delay was unreasonable or due to a lack of diligence.  Thus, we review the record de novo "to determine where the preponderance of evidence lies."  *In re Taylor B.W.*, 397 S.W.3d 105, 112 (Tenn. 2013).  The court found that the limitations period began to run after May 25, 2009, which was uncontested on appeal.  And the parties agree that the applicable statutory limitation period is six years.  *See* Tenn. Code Ann. § 28-3-109(a)(3) (2017).  So the statute of limitations expired on May 26, 2015.[3]

We cannot conclude that Ms. Bell's delay in filing suit was reasonable or that she acted with diligence.  Even if the bankruptcy attorney's letter convinced her to wait until the conclusion of Mr. Gardner's bankruptcy case, she had over two years from the date of Mr. Gardner's discharge on May 21, 2013, until the expiration of the statute of limitations.  The record is devoid of any proof to explain why Ms. Bell did not act during that period.  Under these circumstances, the circuit court's application of the doctrine of equitable estoppel was inappropriate.

### III.

Based on the foregoing, we reverse the judgment of the circuit court.  This case is remanded for further proceedings as may be necessary and are consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

---

[3] Memorial Day fell on May 25, 2015.  *See* Tenn. R. Civ. P. 6.01; Tenn. Code Ann. § 15-1-101 (2011).